[No. 18823.  Department One.  November 21, 1924.]

STREET RAILWAYS ADVERTISING COMPANY, *Appellant*, v. OLYMPIA BREWING COMPANY, *Respondent*.[1]

CONTRACTS (93-1)—STATUTES (78-1)—CONSTRUCTION—DURATION OF CONTRACT—EFFECT OF STATUTORY PROVISIONS. An advertising contract with a brewing company providing that, in case a local option or prohibition law is passed, it shall be cancelled "when said law takes effect," was cancelled upon the enactment of prohibition laws in Washington and Oregon, although the Washington law provided that it was to "take effect" on January 1, 1916, following; and the Oregon law provided that sales should be unlawful after January 1, 1916 (BRIDGES, J., dissenting).

Appeal from a judgment of the superior court for Thurston county, Wilson, J., entered December 24, 1923, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Henry S. Westbrook*, for appellant.

*Troy & Yantis*, for respondent.

PARKER, J. — The plaintiff advertising company seeks recovery for advertising services alleged to have been rendered by it to the defendant brewing company in several cities in Washington and Oregon during the months of February, March, April and May, 1915, under a contract between them which by its terms covered that period, but subject to cancellation in either or both states by the passage of prohibition laws therein. A trial upon the merits in the superior court for Thurston county, sitting without a jury, resulted in findings and judgment denying to the advertising company any recovery, from which it has appealed to this court.

On February 13, 1913, the advertising company and the brewing company entered into a written contract

[1]Reported in 230 Pac. 405.

by which the advertising company was to render advertising services to the brewing company for a stipulated monthly compensation for a period of five years, by the display of cards in street cars in several cities in Washington and Oregon. In view of the then possibility of the passage in one or both states of a law or laws prohibiting the sale of the brewing company's products therein, the parties to the advertising contract stipulated therein as follows:

"In case a local option or prohibition law is passed in any city or state, covered by this contract, it is agreed that this contract shall be cancelled in said city, or state, when said law takes effect."

At the general election held in this state on November 3, 1914, the electors enacted Initiatory Measure No. 3, rendering unlawful the sale of the brewing company's products in this state. The concluding section of that act reads as follows:

"This act shall take effect and be in full force and effect from and after the first day of January, 1916." Laws of 1915, page 17, § 33 [Rem. Comp. Stat., § 7341].

The seventh amendment to the constitution of this state, relating to direct legislation by the electors, reads in part as follows:

"Any measure initiated by the people or referred to the people as herein provided shall take effect and become the law if it is approved by a majority of the votes cast thereon: Provided, that the vote cast upon such question or measure shall equal one-third of the total votes cast at such election and not otherwise. Such measure shall be in operation on and after the thirtieth day after the election at which it is approved." Art. 2, § 1, Amend. 7.

At the general election held in the state of Oregon on November 3, 1914, by vote of the electors an amend-

ment to the constitution of that state was adopted, reading as follows:

"From and after January 1, 1916, no intoxicating liquors shall be manufactured, or sold within this state, except for medicinal purposes upon prescription of a licensed physician, or for scientific, sacramental or mechanical purposes.

"This section is self-executing    .    .    .    ."

On December 4, 1914, the governor of Oregon issued his proclamation, referring to that amendment and the vote of the electors thereon, declaring:

"That said constitutional amendment hereinbefore mentioned shall be and now is in full force and effect as a portion of the constitution of the state of Oregon."

It will be noticed that the five-year period of the advertising contract extended not only beyond the enactment of the Washington prohibition law and the Oregon prohibition constitutional amendment, but also beyond January 1, 1916, the time when they both became enforcible, and that the four months' period of alleged advertising services for which recovery is sought in this action is between those dates.

The only question calling for our serious consideration is whether the enactment of the Washington prohibition law and the adoption of the Oregon constitutional amendment had the effect of cancelling the advertising contract in December, 1914. It seems to us that the parties to the advertising contract would most likely anticipate that any prohibition law would become enforcible soon after the consummation of its passage. It would seem, therefore, that the parties most likely had in view the actual consummation of the enactment of such laws; that is, their actually coming into being, as the date when the contract should be considered effectually cancelled thereby. To adopt the view that the words of the contract "when said law

takes effect'' mean when such law becomes enforcible by some special provision therein postponing its enforcibility, would be to carry the advertising up to the last day when the brewing company would be lawfully entitled to carry on its business. Manifestly, during at least some time at the termination of the lawful sale period, such advertisement would be of no value to the brewing company. We think such would not be the reasonable construction of the contract intended by the parties at the time of its making. It seems to us that it needs but little argument to demonstrate that these prohibition laws came into being, in the sense of full consummation of their enactment, not later than December 3rd and 4th, 1914, as provided by our constitution and the proclamation of the governor of Oregon. Reading the contract in the light of these considerations, we conclude that the contract became effectually cancelled on December 3, 1914, in Washington, and on December 4, 1914, in Oregon. Observations made in our decision in *Gottstein v. Lister,* 88 Wash. 462, 153 Pac. 595, Ann. Cas. 1917D 1008, lend support to this conclusion. No other decision has come to our notice rendering us any aid in this inquiry.

The judgment of the superior court is affirmed.

MAIN, C. J., TOLMAN, and PEMBERTON, JJ., concur.

BRIDGES, J. (dissenting)—Under this contract, I think the prohibition laws took effect when it became unlawful to sell beer and other intoxicating liquors, and not when they became valid laws. I therefore dissent.